■ BEVERLY J. PENCOLA, Respondent, v RAYMOND J. STEFANICH, Defendant, and PARK RIDGE HOSPITAL, Appellant. [664 NYS2d 963] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed against Park Ridge Hospital. Memorandum: On November 5, 1990, defendant Raymond J. Stefanich, M.D., an orthopedic surgeon, performed peripheral nerve surgery on plaintiff at defendant Park Ridge Hospital (Park Ridge), where he had been granted medical staff privileges. Following the operation, which allegedly rendered plaintiff permanently disabled, plaintiff commenced this action against Stefanich and Park Ridge, asserting causes of action for medical malpractice and lack of informed consent. A third cause of action, against Park Ridge only, alleged that the hospital failed to supervise and monitor Stefanich.

Supreme Court granted that part of the motion of Park Ridge for summary judgment seeking dismissal of the first two causes

of action against it, but denied that part of the motion seeking dismissal of the third cause of action for failure to supervise Stefanich, finding an issue of fact whether he was authorized to perform peripheral nerve surgery.

The court should have granted the motion in its entirety and dismissed the complaint against Park Ridge. In support of its motion, Park Ridge submitted the deposition testimony of its former medical director, who testified that Stefanich's privileges at the hospital included the performance of all categories of orthopedic surgery, including peripheral nerve surgery. Park Ridge thereby met its initial burden on the motion (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

In opposition, plaintiff submitted a hospital form identifying Stefanich's privileges at Park Ridge at the time of plaintiff's operation, and that form does not have a check mark next to the category "Peripheral Nerve Surgery". According to the deposition testimony of the medical director and Stefanich, however, peripheral nerve surgery falls under the general category of orthopedic surgery and the subcategory of hand and extremity surgery, and the hospital form has check marks next to all categories of orthopedic surgery, including "Hand/ Extremity Surgery". Thus, plaintiff failed to raise a triable issue of fact to defeat the motion (*see, Zuckerman v City of New York*, 49 NY2d 557, 862). (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Doerr and Balio, JJ.